# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA AURORA RASCON,<br><br>  Plaintiff,<br><br>  v.<br><br>DIVERSIFIED MAINTENANCE SYSTEMS, INC. et al.,<br><br>  Defendant. | Case No.: 1:13-cv-01578 -AWI - JLT<br><br>ORDER TO PLAINTIFF AND HER COUNSEL TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR THEIR FAILURE TO APPEAR AT THE SCHEDULING CONFERENCE AND FAILURE TO COMPLY WITH THE COURT'S ORDER |

On October 1, 2013, the Court issued its "Order Setting Mandatory Scheduling Conference," which "ordered that [the parties] appear for a formal Scheduling Conference…" (Doc. 4 at 1.) The Court explained: "Attendance at the Scheduling Conference is *mandatory* upon each party not represented by counsel or, alternatively, by retained counsel." (*Id*. at 2, emphasis in original.) However, Plaintiff Maria Rascon failed to comply with the Court's order, and did not appear at the Scheduling Conference held on May 28, 2014.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute

an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff and her counsel are **ORDERED** to show cause within 14 days of the date of service of this Order why sanctions, up to and including terminating sanctions, should not be imposed for their failure to appear at the Court's Scheduling Conference and failure to comply with the Court's order.

IT IS SO ORDERED.

Dated:   **May 28, 2014**              **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE