**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIA AURORA RASCON, an individual, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>DIVERSIFIED MAINTENANCE )<br>SYSTEMS,INC., a Utah Corporation; BEST )<br>BUY STORES, L.P., a Virginia limited )<br>partnership, )<br>)<br>  Defendants. ) | Case No.: 1:13-cv-01578 JLT<br><br>ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S REQUEST TO SEAL DOCUMENTS<br><br>(41-4) |

Before Court is the request, lodged by Defendant, Diversified Maintenance Systems, Inc., to seal certain documents attached to the request. (Doc. 41-4) Diversified describes the documents as, "Exhibit "D" is a two page document, bates stamped BBMR 021 and 022 and is an internal e-mail exchange between Best Buy employees" and "Exhibit "E" is a twenty-nine page document, bates stamped BBMR 001 through 029 and is Best Buy's investigation notes into Plaintiff's complaint." Id. at 2.

Diversified contends that the documents should be sealed, "to comply with the Parties Stipulated Protective Order and the Court's granting of the Order." Id. However, Diversified offers no other explanation why the documents should be sealed and, notably, the Court's order noted, ". . . no document may be filed under seal absent an order of the Court and compliance with the procedures set forth in Local Rule 141." (Doc. 29) Because the request fails to comply with Local Rule 141, which

1

requires Plaintiff detail the legal authority supporting that the information should be shielded from public view, the request is **DENIED without prejudice**.

## I.     Legal Authority

The request to seal documents is controlled by Federal Rule of Civil Procedure 26(c). The Rule permits the Court to issue orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Only if good cause exists may the Court seal the information from public view after balancing "the needs for discovery against the need for confidentiality.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. Cal. 2010) (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002)).

Generally, documents filed in civil cases are presumed to be available to the public. EEOC v. Erection Co., 900 F.2d 168, 170 (9th Cir. 1990); see also Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir.2006); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1134 (9th Cir.2003). Documents may be sealed only when the compelling reasons for doing so outweigh the public's right of access. EEOC at 170. In evaluating the request, the Court considers the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." Valley Broadcasting Co. v. United States District Court, 798 F.2d 1289, 1294 (9th Cir. 1986).

Notably, this Court's Local Rule 141 sets forth, procedurally, how a request to seal documents should proceed. First, as was done here, the requesting party files a Notice of Request to Seal Documents. L.R. 141(a). Concurrently with this filing, the requesting party lodges a Request to Seal Documents which addresses the specific pages of the documents sought to be sealed, the information contained therein and explanation for why the information should be shielded from public view. L.R. 141(b). Ideally, at this time, Defendant would lodge also a proposed redacted copy of the documents with the private information obliterated. The email containing this lodged information must be copied to opposing counsel. Then, if there is no objection to the request to seal (L.R. 141(c)), the Court must determine whether each of the pages of the document should be shielded from public view or to what

1 extent they should be.

2     The request fails to provide any discussion as to why the documents lodged with the Court should be sealed.  For example, the lodged documents summarize the complaint made by Plaintiff—from best Buy's point of view--which mirror the allegations set forth in the complaint.  However, these details were revealed to the public in Plaintiff's original complaint (Doc. 2 at 28-31). Likewise, though the Court can speculate why Diversified may want the documents related to the Best Buy employee filed under seal, the Court's speculation is insufficient[1] to meet the requirements of the local rule.

    Plaintiff does not contend that the revelation of these materials would subject her to embarrassment and the Court is at loss to understand why they would pose a greater risk to her than the filing of the complaint. In fact, Plaintiff has failed to explain her belief why this information should be shielded from the public view.

    It appears to the Court that Plaintiff seeks to seal these documents based upon the stipulate protected order entered at the request of the parties.  However, this protective order does not act as a blanket sealing order and, in fact, the order itself *requires* compliance with Local Rule 141.  (Doc. 29 [". . . no document may be filed under seal absent an order of the Court and compliance with the procedures set forth in Local Rule 141."])   Local Rule 141(b) provides, in part:

> The "Request to Seal Documents" shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information.

Here, Plaintiff has failed to provide the legal authority for her request to seal the documents.

    Based upon the Court's review, it appears that few, if any, of the documents may be sealed.  However, because it appears Plaintiff was unaware that the protective order does not provide a sufficient legal basis to justify sealing the records and, apparently, has not had the opportunity to research the topics at issue, the request will be denied without prejudice.  In the event Plaintiff renews this request, she should focus her efforts on determining what information on the specific pages should be sealed and only these specific pages should be lodged with the request.  Again, as to this material,

---

[1] Indeed, it appears the name of the employee has been redacted and the Court is not sure that this is insufficient.

Plaintiff must explain what information should be sealed and why. L.R. 141 (b). The pages at issue must be Bate stamped and "paginated consecutively so that they may be identified without reference to their content, and the total number of submitted pages shall be stated in the request." L.R. 141(b). Plaintiff should consult Local Rule 141 for the specifics of how to proceed.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's request to seal (Doc. 41-4) is **DENIED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

Dated: __June 5, 2015__           _____/s/ Jennifer L. Thurston__
                                                     UNITED STATES MAGISTRATE JUDGE